NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000146
29-JUN-2018
08:14 AM

NO. CAAP-16-0000146

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DIXON KODAMA, JR., Petitioner-Appellant, v.
ADMINISTRATIVE DIRECTOR OF THE COURTS,
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DAA-15-0006)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Leonard and Reifurth, JJ.)

Petitioner-Appellant Dixon Kodama, Jr. appeals from the February 9, 2016 Decision and Order Affirming Administrative Revocation ("February 9, 2016 Order") and the February 10, 2016 Notice of Entry of Judgment on Appeal ("February 10, 2016 Judgment on Appeal"), both entered by the District Court of the First Circuit ("District Court").[1] The District Court affirmed the administrative revocation of Kodama's driver's license by Respondent-Appellee Administrative Director of the Courts, State of Hawaiʻi, acting through a hearing officer ("Hearing Officer") of the Administrative Driver's License Revocation Office ("ADLRO"). We review the District Court's decision under the right/wrong standard. *Freitas v. Admin. Dir. of Courts*, 108 Hawaiʻi 31, 43, 116 P.3d 673, 685 (2005) (quoting *Soderlund v. Admin. Dir. of the Courts*, 96 Hawaiʻi 114, 118, 26 P.3d 1214, 1218 (2001)).

---

[1] The Honorable Lono J. Lee presided.

On appeal, Kodama alleges that the District Court erred in holding that there was no violation of due process in the Hearing Officer's failure to give timely notice (1) that she would not consider Kodama's written request and objections submitted in the document entitled "REQUESTED INTOXILYZER 5000/BLOOD TEST CASE HEARING PROCEDURE (05/14)" ("Request Document"), and (2) of what procedure she would follow at the administrative hearing.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, as well as the relevant statutory and case law, we affirm.

(1) Kodama argues that he was denied due process because he had no prior notice of the Hearing Officer's decision that she would not consider the Request Document and thus had no chance to object. Kodama further maintains that he provided the Request Document at the beginning of the hearing, that the Hearing Officer made no rulings at the hearing considering the objections or requests in the Request Document, and that in the Hearing Officer's findings and without notice to Kodama at the hearing, the Hearing Officer refused to consider the Request Document because the requests had not been made orally.

"[A] driver's license is a constitutionally protected interest and due process must be provided before one can be deprived of his or her license." *Slupecki v. Admin. Dir. of the Courts*, 110 Hawai'i 407, 413, 133 P.3d 1199, 1205 (2006) (internal quotation marks omitted) (quoting *Kernan v. Tanaka*, 75 Haw. 1, 21, 856 P.2d 1207, 1218 (1993)). "[D]ue process requires that a person have an opportunity to be heard at a meaningful time and in a meaningful manner." *Freitas v. Admin. Dir. of the Courts*, 108 Hawai'i 31, 44, 116 P.3d 673, 686 (2005) (partial opinion by Acoba, J.) (internal quotation marks omitted) (quoting

---

[2] The proceedings consisted of three administrative hearings, held on August 26, 2015; October 12, 2015; and November 24, 2015. This appeal stems from and focuses on the November 24, 2015 hearing. Because one percipient witness, Honolulu Police Department Officer Niki Tejada, remained unserved by the time of the November 24, 2015 hearing, the Hearing Officer offered Kodama's counsel an opportunity to request a further continuance, but counsel declined.

*Farmer v. Admin. Dir. of the Courts*, 94 Hawai'i 232, 238, 11 P.3d 457, 463 (2000)). Due process, however, is not rigid as it "is flexible and calls for such procedural protections as the particular situation demands." *Kernan*, 75 Haw. at 22, 856 P.2d at 1218 (internal quotation marks omitted) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)). The supreme court has stated that the ADLRO program, by providing a presuspension revocation hearing "sufficiently assure[s] reliable results and provide[s] adequate due process[,]" *Freitas*, 108 Hawai'i at 44, 116 P.3d at 686 (quoting *Farmer*, 94 Hawai'i at 239, 11 P.3d at 464) (internal quotation marks omitted), and that the program "has been examined and found not to violate due process." *Id.* at 45, 116 P.3d at 687 (citing *Kernan*, 75 Haw. at 25-32, 856 P.2d at 1219-22). This appears to be the case here.

The record reflects that the Hearing Officer declined to place the Request Document into the record, because, she said "this is not really evidence. This sounds and looks . . . more like an argument or request for procedure." However, she invited counsel to make the same request on the record at which point, she said, she would consider it. Therefore, it is clear that Kodama had prior notice that the Hearing Officer would not receive the Request Document, but would consider any requested procedure and objections, and therefore Kodama had the chance to object but proceeded instead to his argument.

Furthermore, Kodama could have submitted the Request Document to the Hearing Officer prior to the hearing but chose to wait until the day of the hearing to submit it. If Kodama had submitted the Request Document before the hearing took place, it would have become part of the record as the Hearing Officer received into evidence all the documents contained in the case file and made it part of the record at the commencement of the hearing. Kodama does not address this. Instead, Kodama argues that the Hearing Officer refused to consider the requests and objections in the Request Document because they had not been made orally. The transcript reflects otherwise, however.

Accordingly, because the Hearing Officer expressly alerted Kodama's counsel at the hearing that she would not

3

receive the written requests and objections in Kodama's Request Document, but provided an alternate methodology by which she would have addressed Kodama's requests and objections, Kodama had the opportunity to make an objection and be heard in a meaningful time and in a meaningful manner. Therefore, the District Court did not violate Kodama's due process rights. *Freitas*, 108 Hawai'i at 44, 116 P.3d at 686.

(2) Kodama next argues that "an ADLRO hearing officer must make at least one finding *at the hearing*; namely, finding that the grounds for revocation have been established before requiring or inviting the driver to proceed with the driver's evidence." (Emphasis in original.) Such a finding, however, was made in this case. After admitting the evidence in the agency file, the hearing officer expressly concluded that:

> I did receive all the evidence into the record and I do find
> . . . that having done that[,] the statutory bases have been
> met for an Administrative Revocation on the Respondent's
> license. Further, that since the arresting officer in this
> matter has already [] appeared and [his testimony] waived [by
> Kodama] that is all undisputed and [un]contested evidence.

The hearing officer then permitted Kodama's counsel to present argument.

Kodama's Request Document set forth a proposed procedure for the Hearing Officer to follow. In the event that the Hearing Officer declined to follow Kodama's proposed procedure, the Request Document asked that the Hearing Officer describe "*exactly* what procedure will be followed, which party has the burden of proof and the burden of producing evidence, whether and when the burden of producing evidence ever shifts in the course of the hearing, and whether the police carried their initial burden."

In denying the admissibility of Kodama's Request Document into the record, the Hearing Officer observed that the procedure Kodama requested appeared to be a shorter version of a procedure that the supreme court had already assessed and determined to be not required. In agreement with the Hearing Officer, the District Court stated in its February 9, 2016 Order:

> [T]he Court does find that in <u>Freitas v. Administrative
> Director of the Courts</u>, 108 Hawai'i 31, 116 P.3d 673 (2005),
> that a similar issue was addressed by [Kodama's] argument
> requiring the Hearings Officer to follow a six item procedure.

4

Here, the same six items and two subsequent paragraphs appear to be identical to the proposed procedure listed by [Kodama]. The Supreme Court of Hawaii found that petitioner's proposal in *Freitas*, id., to be [sic] an insufficient basis for reversal of the administrative revocation. Likewise, this Court also finds that [Kodama's] position to be [sic] untenable. Moreover, upon review of the current record, [Kodama's] due process rights were not violated and the Hearings Officer correctly followed the requirements of Hawaii Revised Statutes Section 291E-38[3/] in the administrative hearing.

(Footnote added.) The Hearing Officer not only made the determination that grounds for revocation were established as required under *Kernan*, 75 Haw. at 30, 856 at 1222, and *Freitas*, 108 Hawaiʻi at 45, 116 P.3d at 687, but the process she provided satisfied the procedure established in HRS section 291E-38. The record reflects that Kodama was afforded a presuspension hearing in which he was afforded the opportunity to have witnesses called, was represented by counsel, and was never deprived of information sufficient to prepare and present objections to the ADLRO's decision. Accordingly, the Hearing Officer acted within her discretion in denying admission of the Request Document and in not expressly notifying the parties of what process she would be following, and the administrative revocation hearing did not infringe on Kodama's due process rights. *See Freitas*, 108 Hawaiʻi at 44, 116 P.3d at 686; *Kernan*, 75 Haw. at 22, 856 P.2d at 1218; *see also Desmond v. Admin. Dir. of the Courts*, 91

---

[3/] Hawaii Revised Statutes ("HRS") section 291E-38 (Supp. 2014), which governs administrative review procedures by the ADLRO, provides, in relevant part:

> (d) The director *shall conduct the hearing and have authority to*:
>
> (1) Administer oaths and affirmations;
>
> (2) Examine witnesses and take testimony;
>
> (3) Receive and determine the relevance of evidence;
>
> (4) Issue subpoenas;
>
> (5) *Regulate the course and conduct of the hearing*;
>
> (6) Impose up to the maximum license revocation period as specified under section 291E-41(b)(4); and
>
> (7) Make a final ruling.

Haw. Rev. Stat. § 291E-38(d) (emphasis added).

Hawaiʻi 212, 219, 982 P.2d 346, 353 (App. 1998), *rev'd in part on other grounds*, 90 Hawaiʻi 301, 978 P.2d 739 (1998).  The District Court, therefore, did not err in holding that there was no violation of due process in the administrative revocation hearing and in affirming the ADLRO's administrative revocation of Kodama's license.

Therefore, IT IS HEREBY ORDERED that the February 9, 2016 Order and the February 10, 2016 Judgment on Appeal entered by the District Court of the First Circuit are affirmed.

DATED:  Honolulu, Hawaiʻi, June 29, 2018.

On the briefs:

Earle A. Partington
(The Law Office of Earle A.
Partington) and
R. Patrick McPherson
(R. Patrick McPheron, AAL, ALC)
for Petitioner-Appellant.

Kimberly Tsumoto Guidry,
Deputy Attorney General,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge